**FILED**

**DECEMBER 18, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LABORERS' PENSION FUND and<br>LABORERS' WELFARE FUND OF THE<br>HEALTH AND WELFARE DEPARTMENT<br>OF THE CONSTRUCTION AND GENERAL<br>LABORERS' DISTRICT COUNCIL OF<br>CHICAGO AND VICINITY, and JAMES S.<br>JORGENSEN, Administrator of the Funds,<br>　　　　　　　　　　　**Plaintiffs,**<br>　　**v.**<br><br>THE ROMAN GROUP, INC., an Illinois<br>corporation, FRIENDSHIP JANITORIAL<br>SERVICES, INC., an Illinois corporation, and<br>RANDALL L. GIRTON, individually,<br><br>　　　　　　　　　　　**Defendants,** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**07 C 7097**

**JUDGE MANNING**
**MAGISTRATE JUDGE BROWN**

Case No.

Judge

## COMPLAINT

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare

Department of the Construction and General Laborers' District Council of Chicago and Vicinity

(collectively "Funds") and James S. Jorgensen (hereinafter "Jorgensen"), Administrator of the Funds,

by their attorneys, Patrick T. Wallace, Jerrod Olszewski, Christina Krivanek, Amy Carollo, and

Charles Ingrassia, for their Complaint against Defendants The Roman Group, Inc., Friendship

Janitorial Services, Inc., and Randall L. Girton, state:

## COUNT I

### (Failure To Submit Benefit Contributions)

For a cause of action against Defendants The Roman Group, Inc. and Friendship Janitorial

Services, Inc.:

1.     Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), and 28 U.S.C. §1331.

2.     Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3.     The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

4.     Plaintiff James S. Jorgensen ("Jorgensen") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5.     Defendant The Roman Group, Inc. (hereinafter "Roman Group" or the "Company") is and was at all times relevant an Illinois corporation. The Company does business within this District and was at all times relevant herein an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

2

6.    The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and Roman Group are parties to a collective bargaining agreement ("Agreement"), which became effective June 28, 2006. (A copy of the Independent Construction Industry Collective Bargaining Agreement entered into between the Union and Roman Group which Agreement adopts and incorporates Master Agreements between the Union and various employer associations, and also binds Roman Group to the Funds' respective Agreements and Declarations of Trust is attached hereto as Exhibit A.)

7.    Defendant Friendship Janitorial Services, Inc., (hereinafter "Friendship" or referred to with Roman Group collectively as the "Companies") is and was at all times relevant an Illinois corporation. The Company does business within this District and was at all times relevant herein an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

8.    Defendant Randall L. Girton ("Girton") is and was at all times relevant an officer and shareholder of Roman Group and Friendship.

9.    Friendship is and was at times relevant an alter ego of and/or single employer with Roman Group. The Companies performed the same type of work, operated from the same place of business, had common ownership and management, used common assets, and shared employees. Employees of Roman Group had wages paid for portions of the work they performed for Roman Group from the payroll account of Friendship to avoid the union obligations of Roman Group. Accordingly, Roman Group and Friendship are both bound to the terms of the Agreement and the Funds' respective Agreement and Declarations of Trust and are jointly liable for the obligations of both Companies to the Funds.

3

10.     The Funds have been duly authorized by the Construction and General Laborers'
District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest
Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council
(the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the
Concrete Contractors' Association of Greater Chicago ("CCA"), the CDCNI/CAWCC Contractors'
Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse
Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative
("LDCLMCC"), the CARCO Industry Advancement Fund ("CARCO"), and the Illinois Small
Pavers Association ("ISPA") to act as an agent in the collection of contributions due to those Funds.

11.     The Agreement and the Funds' respective Agreements and Declarations of Trust
obligate the Companies to make contributions on behalf of its employees covered by the Agreement
for pension benefits, health and welfare benefits, for the training fund and to submit monthly
remittance reports in which the Companies, *inter alia*, identify the employees covered under the
Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered
employee.  Pursuant to the terms of the Agreement and the Funds' respective Agreements and
Declarations of Trust, contributions which are not submitted in a timely fashion are assessed between
10 percent and 20 percent liquidated damages plus interest from the date the contributions are due
until the date they are paid.

12.     The Agreement and the Funds' respective Agreements and Declarations of Trust
require the Companies to submit their books and records to the Funds on demand for an audit to
determine benefit contribution compliance.

4

13.    The Agreement obligates the Companies to obtain and maintain a surety bond to ensure payment of future wages, pension and welfare contributions.

14.    Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Companies have:

(a)    failed to report and pay $27,921.96 in contributions owed to Plaintiff Laborers' Pension Fund for the audit period of June 28, 2006 through December 31, 2006 (a true and accurate copy of the audit is attached hereto as Exhibit B), thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b)    failed to report and pay $43,036.74 in contributions owed to Plaintiff Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the audit period of June 28, 2006 through December 31, 2006, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c)    failed to report and pay $980.73 in contributions owed to Laborers' Training Fund for the audit period of June 28, 2006 through December 31, 2006, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the Training Fund benefits of the participants and beneficiaries;

(d)    failed to report and pay $692.28 in contributions owed to LDCLMCC Fund for the audit period of June 28, 2006 through December 31, 2006, thereby depriving the LDCLMCC

Fund of contributions, income and information needed to administer the Fund and jeopardizing the LDCLMCC Fund benefits of the participants and beneficiaries;

(e)    failed to report and pay $461.52 in contributions owed to IAF Fund for the audit period of June 28, 2006 through December 31, 2006, thereby depriving the IAF Fund of contributions, income and information needed to administer the Fund and jeopardizing the IAF Fund benefits of the participants and beneficiaries;

(f)    failed to report and pay $288.45 in contributions owed to LECET Fund for the audit period of June 28, 2006 through December 31, 2006, thereby depriving the LECET Fund of contributions, income and information needed to administer the Fund and jeopardizing the LECET Fund benefits of the participants and beneficiaries;

(g)    failed to report and pay $57.69 in contributions owed to CISCO Fund for the audit period of June 28, 2006 through December 31, 2006, thereby depriving the CISCO Fund of contributions, income and information needed to administer the Fund and jeopardizing the CISCO Fund benefits of the participants and beneficiaries; and

(h)    failed to obtain and maintain a surety bond in accordance with the terms of the Agreement.

15.    Under the terms of the Agreements and the Funds' respective Agreements and Declarations of Trust, the Companies owe liquidated damages plus interest on all late or unpaid contributions. Accordingly, the Company owes $2,792.20 in liquidated damages to the Pension Fund, $4,303.67 in liquidated damages to the Welfare Fund, $98.07 in liquidated damages to the Training Fund, $69.23 in liquidated damages to the LDCLMCC Fund, $46.15 in liquidated damages to the IAF Fund, $28.85 in liquidated damages to the LECET Fund, and $5.77 in

liquidated damages to the CISCO Fund, plus interest, on the unpaid contributions for the period of June 28, 2006 through December 31, 2006.

16.    Under the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, the Companies are liable for the costs of any audit which reveals unpaid contributions. Accordingly, the Company owes the Funds $600.00 in audit costs for the audit for the period of June 28, 2006 through December 31, 2006.

17.    The Companies failed to submit timely benefit reports and contributions for the period of October and December 2006. Under the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, the Companies owe $1,528.19 in liquidated damages to the Welfare Fund and $991.48 to the liquidated damages to the Pension Fund, plus interest, on the late October and December 2006 reports.

18.    The Companies actions in failing to submit payment of benefit contributions and failing to obtain and maintain a surety bond violate Section 515 of ERISA, 29 U.S.C. §1145.

19.    Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, and the terms of the Agreement and the Funds' respective Trust Agreements, the Companies are liable to the Funds for unpaid contributions, as well as interest and liquidated damages on unpaid contributions, audit costs, accumulated interest and liquidated damages on late reports, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendants The Roman Group, Inc. and Friendship Janitorial Services, Inc.:

a.      entering judgment in sum certain in favor of the Funds and against the Companies on

the amounts due and owing pursuant to the audit for the period of June 28, 2006 through December

31, 2006 including contributions, interest, liquidated damages, audit costs, accumulated interest and

liquidated damages on late reports, and Plaintiffs' reasonable attorneys' fees and costs;

b.      ordering the Companies to obtain and maintain a surety bond in accordance with the

terms of the Agreement; and

c.      awarding Plaintiffs any further legal and equitable relief as the Court deems

appropriate.

## COUNT II

### (Failure To Pay Union Dues)

For a cause of action against Defendants The Roman Group, Inc. and Friendship Janitorial

Services, Inc.:

20.     Plaintiffs reallege paragraphs 1 through 13 of Count I.

21.     Pursuant to agreement, the Funds have been duly designated to serve as collection

agents for the Union in that the Funds have been given the authority to collect from employers union

dues which should have been or have been deducted from the wages of covered employees.

22.     Notwithstanding the obligations imposed by the Agreement, the Companies failed to

withhold and/or submit payment of $3,165.38 in union dues that were or should have been withheld

from the wages of employees for the period of June 28, 2006 through December 31, 2006, thereby

depriving the Union of information and income.

23.     Pursuant to the Agreement, the Company is liable to the Funds for any unpaid union

dues revealed as due and owing on the audit as well as $316.54 in liquidated damages on the unpaid

dues, audit costs, liquidated damages on the late reports, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants The Roman Group, Inc. and Friendship Janitorial Services, Inc. entering judgment in favor of the Funds and against the Company for the amount of Union dues owed on the audit for the period of June 28, 2006 through December 31, 2006, together with all liquidated damages, audit costs, attorneys' fees and costs, and any other legal and equitable relief as the Court deems appropriate.

**COUNT III**

**(Failure To Submit Benefit Contributions)**

For a cause of action against Defendants The Roman Group, Inc. and Friendship Janitorial Services, Inc.:

24.      Plaintiffs reallege paragraphs 1 to 13 of Count I.

25.      Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Companies have:

(a)      failed to report and pay contributions owed to Plaintiff Laborers' Pension Fund from August 2007 forward, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b)      failed to report and pay all contributions owed to Plaintiff Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity from August 2007 forward, thereby depriving the Welfare Fund of

9

contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c)    failed to report and pay all contributions owed to Laborers' Training Fund from August 2007 forward, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries; and

(d)    failed to report and pay all contributions owed to one or more of the other affiliated funds identified above from August 2007 forward, thereby depriving said fund(s) of contributions, income and information needed to administer said fund(s) and jeopardizing the benefits of the participants and beneficiaries.

26.    Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, the terms of the Agreement and the Funds' respective Trust Agreements, the Company is liable to the Funds for the unpaid contributions, as well as interest and liquidated damages on the unpaid contributions, accumulated interest and liquidated damages on late reports, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendants The Roman Group, Inc. and Friendship Janitorial Services, Inc.:

a.    directing the Company to submit reports and contributions for the period of August 2007 forward and to submit the Companies' books and records to an audit upon demand by Plaintiffs for the period of January 1, 2007 forward and retaining jurisdiction to enforce judgment in sum certain upon the results of the audit;

b.     entering judgment in sum certain in Plaintiffs' favor and against the Companies on the amounts shown due and owing including contributions, interest, liquidated damages, accumulated interest and liquidated damages on late reports, audit costs, and Plaintiffs' attorneys' fees and costs; and

c.     awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

### COUNT IV

### (Failure To Submit Dues)

For a cause of action against Defendants The Roman Group, Inc. and Friendship Janitorial Services, Inc.:

27.     Plaintiffs reallege paragraphs 1 to 13 of Count I and paragraph 21 of Count II .

28.     Notwithstanding its obligations under the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, the Companies have failed to submit union dues that were or should have been withheld from the wages of employees for the period of August 2007 forward, thereby depriving the Union of information and income.

29.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, and the terms of the Agreement and the Funds' respective Trust Agreements, the Companies are liable to the Funds for unpaid dues, as well as liquidated damages on unpaid dues, audit costs, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and against Defendants The Roman Group, Inc. and Friendship Janitorial Services,

Inc.:

a.       ordering the Companies to submit current dues reports and dues for the period of

August 2007 forward and directing the Companies to the submit their books and records to an audit

upon demand for the period of January 1, 2007 forward;

b.       entering judgment in sum certain in favor of the Funds and against the Company on

the amounts due and owing pursuant to the audit including dues, liquidated damages, audit costs, and

attorneys' fees and costs; and

c.       awarding Plaintiffs any further legal and equitable relief as the Court deems

appropriate.

## COUNT V

### (Violation of Illinois Wage Payment and Collection Act)

For a cause of action against Defendants The Roman Group, Inc., Friendship Janitorial,

Inc., and Randall Girton:

30.       Plaintiffs reallege paragraphs 1 through 13 of Count 1, paragraph 21of Count II,

and paragraphs 28 and 29 of Count IV.

31.       This Court has supplemental jurisdiction over this Count pursuant to 28 U.S.C. §

1367.

32.       Venue is proper pursuant to 28 U.S.C. § 1391(b).

33.       During the period of August 2007 forward, Defendant Companies' employees

performed work for the Company and earned wages.

34.       Employees of the Defendant Companies performing work defined as covered

under the terms of the Agreement executed written assignments authorizing and directing the

Defendant Companies to withhold monies from their wages for remittance to the Union in satisfaction of dues and fee obligations.

35.     For the period of August 2007 forward, the Companies have deducted dues from the wages of its employees pursuant to the wage deductions signed by the employees but failed to properly remit the payments to the Union.

36.     Plaintiffs have demanded payment of the amounts due to the Union but the Companies have failed to remit payment of those amounts.

37.     Defendant Companies conduct violates the Illinois Wage and Payment Collection Act, 820 ILCS 115/1 et seq.

38.     At all times material, Defendant Girton acted directly in the interest of Defendant Companies in relation to its employees.

39.     At all times material, Defendant Girton controlled the terms of employment of Defendant Companies' employees and exercised control over the payment of wages and the withholding of monies from the employees' wages.

40.     At all times relevant, Defendant Girton controlled disbursements made by Defendant Companies including the issuance of payroll checks and the remittance of dues to the Union.

41.     Defendant Girton knowingly permitted Defendant Companies to retain the wages withheld from such employees' paychecks rather than remitting said funds to the Union.

42.     Defendant Girton knowingly and actively conducted or participated in the actions of Defendant Companies alleged above causing injury to the Union. As such, Defendant Girton is an "employer" as defined in the Illinois Wage Payment and Collection Act, 820 ILCS 115/13,

13

and is personally liable for the failure to properly deduct monies from employees' wages and remit those monies to the Union for the payment of dues.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of the Plaintiffs and against Defendants The Roman Group, Inc., Friendship Janitorial Services, Inc. and Randall Girton entering judgment in favor of Plaintiffs and against Defendants for the amount of union dues owed, plus ten percent liquidated damages and the Funds' reasonable attorneys' fees and costs pursuant to 820 ILCS 115/13 and the Attorneys Fees in Wage Actions Act, 705 ILCS 225/1. Plaintiffs also request that this Court grant such other legal and equitable relief as this Court deems just and proper.

## COUNT VI

### (Conversion)

For a cause of action against Defendants The Roman Group, Inc., Friendship Janitorial, Inc., and Randall Girton:

43.    Plaintiffs reallege paragraphs 1 through 13 of Count 1, paragraph 21 of Count II, paragraphs 28 and 29 of Count IV, and paragraphs 31 to 42 of Count V.

44.    Pursuant to the wage assignments executed by each of the Defendant Company's employees, the Union has a right to immediate possession of those monies on the tenth day of the month following the month in which the wages were earned and the deductions were made from employees' wages.

45.    For the period of August 2007 forward, Defendants have deducted and withheld monies from the wages of the Companies' employees for union dues and appropriated that money for their own use and benefit thereby depriving the Union of its property. At that time,

14

Defendants were without right to possession of those monies withheld from the employees' wages.

46.    Through the actions enumerated above, Defendants have wrongfully converted the Union's property and should be justly required to pay the Union the full value of that property.

WHEREFORE, Plaintiffs request that this Court enter Judgment in favor of Plaintiffs and against Defendants The Roman Group, Inc., Friendship Janitorial Services, Inc., and Randall Girton jointly and severally for the amount of all monies wrongfully converted, and such other relief that is equitable and just.

## COUNT VII

### (Fraud)

For a cause of action against Defendant Randall Girton:

47.    Plaintiffs reallege paragraphs 1 through 13 of Count 1, paragraph 21 of Count II, paragraphs 28 and 29 of Count IV, paragraphs 31 to 42 of Count V, and paragraphs 44 to 46 of Count VI.

48.    Defendant Girton has engaged in fraud on the Funds by intentionally paying wages for certain hours worked by employees through The Roman Group's cash disbursement account at Fifth Third Bank and not reporting those hours to the Funds.  Specifically, on or about June 5, 2007, Defendants Roman Group and Girton paid employee Monika Cal $976.93 in wages on Check No. 2360 from the Company's cash disbursement account.  Those hours were not reported or paid to the Funds on the Company's May or June 2007 benefit report.

49.    Signatory contractors are required to submit monthly benefit contribution reports on the tenth day of the month following the month in which covered work was performed identifying the numbers of hours worked by individuals who perform covered work under the terms of the Agreements.  Those report forms provide in relevant part:

**EMPLOYER'S WARRANTY AND ACCEPTANCE:**  The undersigned employer hereby warrants that this report accurately states all hours worked by all laborers in its employ.  In addition, the employer hereby agrees to be bound to the terms of the current collective bargaining agreement executed between the Construction and General Laborers' District Council of Chicago and Vicinity and the relevant Multi Employer Associations.  Further, the undersigned hereby expressly accepts and agrees to be bound by the trust agreements governing the Laborers' Pension and Welfare, et al. and accepts all of the terms thereof with the intention of providing benefits to its laborers.

50.    Defendant Girton knowingly signed and submitted false benefit contribution and dues reports to the Funds and the District Council on behalf of the Company for the period of May and/or June 2007.  Specifically, Schrementi intentionally excluded those hours of work by covered employees where the employees were paid through the Company's cash disbursement account and failed to list and report complete hours on behalf of the Company's employees.

51.    The Funds and the District Council relied to their detriment on the false reports submitted by Girton.  Specifically, if the District Council had been aware that the Defendants had failed to pay and report the proper wages, dues and benefit contributions, the District Council would have taken all lawful steps permitted under the Agreements including, but not limited to, taking job actions against the Company and filing the appropriate lawsuit.  If the Funds had been aware that the Defendants had failed to pay and report the proper wages, dues and benefit contributions, the Funds would have been precluded from crediting hours for the incomplete reports submitted by the Defendants and would have commenced the appropriate lawsuit at an earlier date.  Thus, by

16

submitting false reports, Defendant Girton enabled the Company to continue to operate resulting in a benefit to Girton and increasing the liabilities owed by the Company to the Funds and the District Council.

52.     The Funds, the District Council and the plan participants have suffered harm as a direct result of the false benefit and dues reports submitted by the Defendants.  Specifically, the Funds and the District Council have incurred unpaid benefit contributions, dues, interest, liquidated damages and audit costs.  The Funds have also provided benefit coverage to individuals based on the submission of the incomplete and false reports.  Said coverage would not have been provided had the Funds been aware that the reports were false and incomplete.  In the event that the Funds are unable to obtain full recovery of all amounts due from the Company, the Funds may become underfunded.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendant Randall Girton for the amounts of unpaid contributions, dues and wages due including all interest, liquidated damages, audit costs, and attorneys' fees and costs owed by The Roman Group, Inc. and Friendship Janitorial Services, Inc. as set forth in Counts I through VI, the costs of any additional damages sustained by the Funds and District Council as a result of the fraudulent misrepresentations including reimbursement of medical and/or pension claims paid out to individuals who obtained eligibility from the false and incomplete reports, plus interest, and any

other legal and equitable relief as the Court deems appropriate.

December 18, 2007                                         Laborers' Pension Fund, et al.


                                                By:      /s/ Patrick T. Wallace

Patrick T. Wallace
Jerrod Olszewski
Christina Krivanek
Amy Carollo
Charles Ingrassia
Laborers' Pension and Welfare Funds
111 W. Jackson Blvd.,Suite 1415
Chicago, IL  60604
(312) 692-1540

Dec-13-2007 03:14pm From-LABORER PENSION ~~TIO:H & W 'J JEAN~~ Case 1:07-cv-07097 Document 1 Filed 12/18/2007 Page 19 of 33 T-333 P.001/004 F-512

PAGE 01/04

'06/28/2006 16:23 7732028431 LABORERS LOCAL SIX

## INDEPENDENT CONSTRUCTION INDUSTRY COLLECTIVE BARGAINING AGREEMENT

It is hereby stipulated and agreed by and between ___THE ROMAN GROUP, INC.___ ("Employer") and the Construction and General Laborers' District Council of Chicago and Vicinity, Laborers' International Union of North America ("Union"), representing and encompassing its affiliated Local Unions, including Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1035, 1092, together with any other Local Unions that may come within the Union's jurisdiction ("Local Union"), and encompassing the geographic areas of Cook, Lake, DuPage, Will, Grundy, Kendall, Kane, McHenry and Boone counties, Illinois, that:

1. **Recognition.** The Employer recognizes the Union as the sole and exclusive collective bargaining representative for the employees now and hereinafter employed in the Laborer bargaining unit with respect to wages, hours and other terms and conditions of employment. If majority recognition previously was established under Section 9(a) of the Act, it shall remain in effect. Otherwise, recognition under Section 9(a) of the Act shall automatically be granted to the Union without the need for a Board certified election upon the Union's demonstration that a majority of the employees have designated the Union as their exclusive bargaining representative. The Employer has not assigned its rights for purposes of collective bargaining with the Union to any person, entity or association, and hereby revokes its prior assignment of bargaining rights, if any. The Employer further voluntarily elects not to assign such bargaining rights to any person, entity or association during the term of this Agreement or any extension thereof, without written approval from the Union. The Employer shall abide by this Agreement, and extensions hereof, provided that it employs at least one Laborer during the term of this Agreement.

2. **Labor Contract.** The Employer affirms and adopts the applicable Collective Bargaining Agreements, as designated by the Union, between the Union and the Concrete Contractors Association of Greater Chicago, G.D.C.N.I/C.A.W.C.C., the Chicago Demolition Contractors' Association, the Illinois Environmental Contractors Association, the Chicago Area Rail Contractors Association, the Chicago Area Scaffolding Association, the Chicago Area Independent Construction Association, and all other employer associations with whom the Union or its affiliated Local Unions has an agreement. If the applicable collective bargaining agreement(s) expire during the term of this Agreement, any limitation on the right to strike shall also expire until a new agreement has been established, which shall be incorporated retroactively herein. It is further agreed that where the Employer works within the geographic jurisdiction of the Union's affiliated Local Unions that have negotiated an association agreement effective within the Local Union's jurisdiction, then the Local Union agreement is herein specifically incorporated into this Agreement and shall supersede the area-wide standard association agreements within the locality for which it is negotiated in the case of any conflict between them. Notwithstanding the foregoing, this Agreement supercedes all contrary terms in either the Local Union or area-wide association agreements.

3. **Total economic increase.** The Employer shall pay its employees a total economic increase of $2.90 per hour effective June 1, 2006; $3.00 per hour effective June 1, 2007; $3.00 per hour effective June 1, 2008 and $3.10 per hour effective June 1, 2009, said amounts to be allocated between wages, fringe benefits and other funds by the Union in its sole discretion.

**EXHIBIT**

**A**

4.  Dues Checkoff.  The Employer shall deduct from the wages of employees uniform working dues in the amount of 1.75% of gross wages, or such other amount as directed by the Union, and shall remit monthly to the designated Union office the sums so deducted, together with an accurate list showing the employees from whom dues were deducted, the employees' individual hours, gross wages and deducted dues amounts for the monthly period, not later than the tenth (10th) day of the month following the month for which said deductions were made.  It is the parties' intention that these deductions comply with the requirements of Section 302(c)(4) of the Labor Management Relations Act of 1947, as amended, and such deductions be made only pursuant to written assignments from each employee on whose account such deductions are made, which shall not be irrevocable for a period of more than one year or beyond the termination date of the labor agreement, whichever occurs sooner.

5.  Work Jurisdiction.  This Agreement covers all work within the Union's work jurisdiction as set forth in the Union's Statement of Jurisdiction, receipt of which is hereby acknowledged, and as amended by the Union from time to time.  The Statement of Jurisdiction is incorporated by reference into this Agreement.  The Employer shall assign all work described therein to its Union-represented Laborer employees and acknowledges the appropriateness of this assignment.  Neither the Employer nor its work assignments as required under this Agreement shall be stipulated or otherwise subject to adjustment by any jurisdictional disputes board or mechanism except upon written notice by and direction of the Union.  The Employer, whether acting as a contractor, general manager or developer, shall not contract or subcontract any work to be done at the site of construction, alteration, painting or repair of a building, structure or other work and coming within the above-described jurisdiction of the Union to any person, corporation or entity not signatory to and covered by a collective bargaining agreement with the Union.  This obligation applies to all tiers of subcontractors performing work at the site of construction.  When the Employer contracts out or sublets any of the work coming within the above-described jurisdiction of the Union, it shall assume the obligations of any such subcontractor for prompt payment of employees' wages and other benefits required under this Agreement, including reasonable attorneys' fees incurred in enforcing the provisions hereof.

6.  Fringe Benefits.  The Employer agrees to pay the amounts that it is bound to pay under said Collective Bargaining Agreements to the Health and Welfare Department of The Construction and General Laborers' District Council of Chicago and Vicinity, the Laborers' Pension Fund (including Laborers' Excess Benefit Funds), the Fox Valley Benefit Funds, the Construction and General Laborers' District Council of Chicago and Vicinity Apprentice and Training Trust Fund, the Chicago Area Laborers-Employers Cooperation Education Trust ("LECET"), and to all other designated Union-affiliated benefit and labor-management funds, and to become bound by and be considered a party to the Agreements and Declarations of Trust creating said Trust Funds as if it had signed the original copies of the Trust instruments and amendments thereto.  The Employer ratifies and confirms the appointment of the Employer Trustees who shall, together with their successor Trustees, carry out the terms and conditions of the Trust instruments.  The Employer further affirms that all prior contributions paid to the Welfare, Pension and Training Funds were made by duly authorized agents of the Employer at all proper rates, and evidence the Employer's intent to be bound

by the Trust Agreements and Collective Bargaining Agreements in effect when the contributions were made, acknowledging the report form to be a sufficient instrument in writing to bind the Employer to the applicable agreements. Upon written notice to the Employer, the Union may increase the minimum surety bond to an amount not exceeding one hundred thousand dollars where necessary to ensure Employer compliance with its obligations.

Where Laborers covered by this Agreement perform work outside the Chicago area, the Employer shall, if covered under a local LIUNA-affiliated labor agreement in the area, contribute to the local fringe benefit funds in the amounts set forth in the local agreement. Otherwise, it shall remit all fringe benefit fund contributions in the amounts and to the funds as required under this Agreement.

7.     Wages and Industry Funds. The Employer shall pay all the negotiated hourly wages, fringe benefit and industry fund contributions it is bound to pay under the applicable Collective Bargaining Agreements, including, where applicable, contributions to the Chicago-Area LECET and designated labor-management and industry advancement funds, except that no contributions shall be made to MCIAF unless consented to and upon written direction from the Union. All additional wage rates, dues checkoff, and fringe benefits that are negotiated or become effective after May 31, 2006 shall be incorporated into this Agreement. The Union expressly reserves its sole right to allocate and apportion each annual total economic increase.

8.     Contract Enforcement. All grievances arising hereunder shall, at the Union's discretion, be submitted to the Chicago District Council Grievance Committee for final and binding disposition in lieu of another grievance committee. Should the Employer fail to comply within ten (10) days with any binding grievance award, whether by grievance committee or arbitration, it shall be liable for all costs and legal fees incurred by the Union to enforce the award. Notwithstanding anything to the contrary, nothing herein shall limit the Union's right to strike or withdraw its members because of non-payment of wages and/or fringe benefit contributions, failure by the Employer to timely remit dues to the Union, subcontracting in violation hereof, or non-compliance with a binding grievance award. The Employer's violation of any provision of this paragraph will give the Union the right to take any other lawful and economic action, including but not limited to all remedies at law or equity. It is expressly understood and agreed that the Union's right to take economic action is in addition to, and not in lieu of, its rights under the grievance procedures. Where necessary to correct contract violations, or where no acceptable steward is currently employed, the Union may appoint and place a steward from outside the workforce at all job sites.

9.     Successors. In the event of any change in the ownership, management or operation of the Employer's business or substantially all of its assets, by sale or otherwise, it is agreed that as a condition of such sale or transfer that the new owner or manager, whether corporate or individual, shall be fully bound by the terms and conditions of this Agreement. The Employer shall provide no less than ten (10) days prior written notice to the Union of the sale or transfer and shall be obligated for all expenses incurred by the Union to enforce the terms of this paragraph.

Dec-13-2007 03:15pm From-LABORER PENSION Case 1:07-cv-07097 Document 1 Filed 12/18/2007 Page 22 of 33 T-333 P.004/004 F-512

PAGE 04/04

06/29/2006 15:23 7732028431 LABORERS LOCAL SIX

10. **Termination.** This Agreement shall remain in full force and effect from June 1, 2006 (unless dated differently below) through May 31, 2010, and shall continue thereafter unless there has been given written notice, by certified mail by either party hereto, received no less than sixty (60) nor more than ninety (90) days prior to the expiration date, of the desire to modify or amend this Agreement through negotiations. In the absence of such notice the Employer and the Union agree to be bound by the new area-wide negotiated agreements with the applicable Associations incorporating them into this Agreement and extending this Agreement for the life of the newly negotiated agreements, and thereafter for the duration of successive agreements, unless and until timely notice of termination is given as provided above.

11. **Execution.** The Employer acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The Employer further acknowledges receipt of a copy of the complete Joint Agreements.

Dated: ___6/28_____, 20_06_.

**ACCEPTED:**

Laborers' Local Union No. __6__

THE ROMAN GROUP, INC.
(Employer)

By: _____

FEIN No.: 20-3779471

CONSTRUCTION AND GENERAL
LABORERS' DISTRICT COUNCIL OF
CHICAGO AND VICINITY

By: RANDALL L GIRTON, PRESIDENT
(Print Name and Title)

By: _____
Frank Riley, President & Secy.-Treas.

_____
(Signature)

By: _____
James F. Connolly, Business Manager

11028 W. 147th Place
(Address)

ORLAND PARK IL 60467
(City, State and Zip Code)

For Office Use Only:

(708) 226-0099
(Telephone/Telefax)

_____

Final 060306

3/6/2007

# LABORERS' PENSION & WELFARE FUNDS

AUDIT

EMPLOYER   THE ROMAN GROUP                    CODE   34565

FOLLOWING ARE THE FIGURES OWED BY THE ABOVE MENTIONED CONTRACTOR AS A RESULT OF THE AUDIT.

| | HOURS | WELFARE | RATE | PENSION | RATE | TRAINING FUND | RATE | DUES | LDCLMCC | RATE | IAF | RATE | LECET | RATE | CISCO | RATE | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6-28-06 - 12-31-06 ADDITIONAL HOURS | | | | | | | | | | | | | | | | | |
| 6-26-06 - 5-31-07 | 280.00 | 2,088.80 | 7.46 | 1,355.20 | 4.84 | 47.60 | 0.17 | 134.75 | 33.60 | 0.12 | 22.40 | 0.08 | 14.00 | 0.05 | 2.80 | 0.01 | 3,699.15 |
| FRIENDSHIP JANITORIAL 6-28-06 - 5-31-07 | 2,261.00 | 16,867.06 | 7.46 | 10,943.24 | 4.84 | 384.37 | 0.17 | 1,248.37 | 271.32 | 0.12 | 180.88 | 0.08 | 113.05 | 0.05 | 22.61 | 0.01 | 30,030.90 |
| MEN NOT REPORTED | | | | | | | | | | | | | | | | | |
| FRIENDSHIP JANITORIAL 6-28-06 - 5-31-07 | 3,228.00 | 24,080.88 | 7.46 | 15,623.52 | 4.84 | 548.76 | 0.17 | 1,782.26 | 387.36 | 0.12 | 258.24 | 0.08 | 161.40 | 0.05 | 32.28 | 0.01 | 42,874.70 |
| SUBTOTAL | 5,769.00 | 43,036.74 | | 27,921.96 | | 980.73 | | 3,165.38 | 692.28 | | 461.52 | | 288.45 | | 57.69 | | 76,604.75 |
| 10% PENALTIES | | 4,303.67 | | 2,792.20 | | 98.07 | | 346.54 | 69.23 | | 46.15 | | 28.85 | | 5.77 | | 7,660.48 |
| AUDIT COSTS | | 300.00 | | 300.00 | | | | | | | | | | | | | 600.00 |
| ATTORNEY FEES | | | | | | | | | | | | | | | | | |
| ACCUM. 10% PENALTIES | | 1,528.19 | | 991.48 | | | | 75.91 | | | | | | | | | 2,595.58 |
| ACCUM. INTEREST | | | | | | | | | | | | | | | | | |
| TOTAL DUE | | 49,168.60 | | 32,005.64 | | 1,078.80 | | 3,557.83 | 761.51 | | 507.67 | | 317.30 | | 63.46 | | 87,460.81 |



EXHIBIT
B

# RICHARD J. WOLF AND COMPANY, INC.

Post Office Box 591
Palos Park, Illinois 60464
(708) 923-0909
Fax (708) 923-0910

® 🖂 ⁕⁕⁕

February 28, 2007

Board of Trustees of the Various
Fringe Benefit Funds of the
Laborers Pension & Welfare Funds

RE:   The Roman Group (34565)

We have performed a fringe benefit contribution compliance audit of
The Roman Group, for the period from June 28, 2006 through December 31, 2006.
The audit encompassed the comparison of individual earnings records to certain
payroll tax and fund reports and a review of the general disbursement records.

The comparison and review indicate that the employer has not complied with its
fringe benefit contribution requirements and owes the following amounts:

| FUND | AMOUNT |
|------|--------|
| WELFARE | $43,036.74 |
| PENSION | 27,921.96 |
| TRAINING | 980.73 |
| LECET | 288.45 |
| CISCO | 57.69 |
| IAF | 461.52 |
| LMCC | 692.28 |
| DUES | 3,165.38 |
| TOTAL | $76,604.75 |

| | |
|------|--------|
| Plus previous late charges assessed by Laborer's Pension & Welfare Funds | 2,519.67 |
| Plus previous penalties incurred to Laborers' District Council Funds | $   75.91 |
| TOTAL | $79,200.33 |

In addition, the employer could not provide proof of a current wage and fringe
benefit bond.

RICHARD J. WOLF AND COMPANY, INC.

# LABORERS' DISTRICT COUNCIL OF CHICAGO - CAICA ASSOCIATION

## THE ROMAN GROUP #34565

### ADDITIONAL HOURS and/or WORK DUES  6/06 - 5/07

**JUN 06 to MAY 07**

2/27/2007

| S.S. # | Flags # | Type | 2006 Jun | Jul | Aug | Sep | Oct | Nov | Dec | 2007 Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ZERVOS, BASIL | | Hours | - | - | - | - | - | 160.00 | 120.00 | - | - | - | - | - | 280.00 |
| | | Gross $ | $ - | $ - | $ - | $ - | $ - | 4,400.00 | 3,300.00 | $ - | $ - | $ - | $ - | $ - | $7,700.00 |

| | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TOTAL HOURS | - | - | - | - | - | 160.00 | 120.00 | - | - | - | - | - | 280.00 |
| TOTAL GROSS $ | $ - | $ - | $ - | $ - | $ - | $ 4,400.00 | $ 3,300.00 | $ - | $ - | $ - | $ - | $ - | $7,700.00 |

**Amount Due To Funds:**

| | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| WELFARE | $ - | $ - | $ - | $ - | $ - | $ 1,193.60 | $ 895.20 | $ - | $ - | $ - | $ - | $ - | $ 2,088.80 |
| PENSION | $ - | $ - | $ - | $ - | $ - | $ 774.40 | $ 580.80 | $ - | $ - | $ - | $ - | $ - | $ 1,355.20 |
| TRAINING | $ - | $ - | $ - | $ - | $ - | $ 27.20 | $ 20.40 | $ - | $ - | $ - | $ - | $ - | $ 47.60 |
| LECET | $ - | $ - | $ - | $ - | $ - | $ 8.00 | $ 6.00 | $ - | $ - | $ - | $ - | $ - | $ 14.00 |
| CISCO | $ - | $ - | $ - | $ - | $ - | $ 1.60 | $ 1.20 | $ - | $ - | $ - | $ - | $ - | $ 2.80 |
| IAF | $ - | $ - | $ - | $ - | $ - | $ 12.80 | $ 9.60 | $ - | $ - | $ - | $ - | $ - | $ 22.40 |
| LMCC | $ - | $ - | $ - | $ - | $ - | $ 19.20 | $ 14.40 | $ - | $ - | $ - | $ - | $ - | $ 33.60 |
| DUES | $ - | $ - | $ - | $ - | $ - | $ 77.00 | $ 57.75 | $ - | $ - | $ - | $ - | $ - | $ 134.75 |
| TOTAL | $ - | $ - | $ - | $ - | $ - | $ 2,113.80 | $ 1,585.35 | $ - | $ - | $ - | $ - | $ - | $ 3,699.15 |

| Rates: | 6/1/06 | to | 5/31/07 |
|---|---|---|---|
| WELFARE | 7.46 | CISCO | 0.01 |
| PENSION | 4.84 | IAF | 0.08 |
| TRAINING | 0.17 | LMCC | 0.12 |
| LECET | 0.05 | DUES | 1.75% |

2/27/2007

# LABORERS' DISTRICT COUNCIL OF CHICAGO - CAICA ASSOCIATION

## FRIENDSHIP JANITORIAL SERVICES, INC. #34565

**JUN 06 to MAY 07**

**ADDITIONAL HOURS and/or WORK DUES  6/06 - 5/07**

| S. S. # | Flags | Type | 2006 Jun | Jul | Aug | Sep | Oct | Nov | Dec | 2007 Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BARRERA, BAGINO | # | Hours | | | | | | 32.00 | 16.00 | | | | | | 48.00 |
| | | Gross $ | | | | | | 1,009.60 | 504.80 | | | | | | $ 1,514.40 |
| BOROVICKOVA, HANA | # | Hours | 36.00 | 200.00 | 199.00 | 17.00 | 192.00 | 250.00 | 71.00 | | | | | | 965.00 |
| | | Gross $ | 1,135.80 | 6,310.00 | 6,278.45 | 536.35 | 6,057.60 | 7,887.50 | 2,240.05 | | | | | | $ 30,445.75 |
| CASTRO, ELIA | # | Hours | | | | | | 25.00 | | | | | | | 25.00 |
| | | Gross $ | | | | | | 788.75 | | | | | | | $ 788.75 |
| LANDOJTOWICZ, SEBASTIAN | # | Hours | 55.00 | 37.00 | 48.00 | | 61.00 | 38.00 | | | | | | | 239.00 |
| | | Gross $ | 1,735.25 | 1,167.35 | 1,514.40 | | 1,924.55 | 1,198.90 | | | | | | | $ 7,540.45 |
| LISOWSKA, MARTA | # | Hours | | | | | | | 129.00 | | | | | | 129.00 |
| | | Gross $ | | | | | | | 4,069.95 | | | | | | $ 4,069.95 |
| NUKIC, ALMA | # | Hours | | 132.00 | 32.00 | | 85.00 | | 50.00 | | | | | | 299.00 |
| | | Gross $ | | 4,164.60 | 1,009.60 | | 2,681.75 | | 1,577.50 | | | | | | $ 9,433.45 |
| RIVERA, JORGE | # | Hours | | | | | | 19.00 | 47.00 | | | | | | 66.00 |
| | | Gross $ | | | | | | 599.45 | 1,482.85 | | | | | | $ 2,082.30 |
| ZERVOS, BASIL | # | Hours | | 110.00 | 200.00 | | 80.00 | 100.00 | | | | | | | 490.00 |
| | | Gross $ | | 3,470.50 | 6,310.00 | | 2,524.00 | 3,155.00 | | | | | | | $ 15,459.50 |

| | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **TOTAL HOURS** | 91.00 | 479.00 | 479.00 | 17.00 | 418.00 | 464.00 | 313.00 | | | | | | 2,261.00 |
| **TOTAL GROSS $** | $ 2,871.05 | $ 15,112.45 | $ 15,112.45 | $ 536.35 | $ 13,187.90 | $ 14,639.20 | $ 9,675.15 | $ - | $ - | $ - | $ - | $ - | $ 71,334.55 |

**Amount Due To Funds:**

| | Jun 6/1/06 | Jul | Aug | Sep 5/31/07 | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| WELFARE | $ 678.86 | $ 3,573.34 | $ 3,573.34 | $ 126.82 | $ 3,118.28 | $ 3,451.44 | $ 2,334.98 | $ - | $ - | $ - | $ - | $ - | $ 16,857.06 |
| PENSION | 440.4 | 2,316.36 | 2,316.36 | 82.26 | 2,023.12 | 2,245.76 | 1,514.92 | | | | | | 10,943.24 |
| TRAINING | 15.47 | 81.43 | 81.43 | 2.89 | 71.06 | 78.88 | 53.21 | | | | | | 384.37 |
| LECET | 4.55 | 23.95 | 23.95 | 0.85 | 20.90 | 23.20 | 15.65 | | | | | | 113.05 |
| CISCO | 0.91 | 4.79 | 4.79 | 0.17 | 4.18 | 4.64 | 3.13 | | | | | | 22.61 |
| IAF | 7.28 | 38.32 | 38.32 | 1.36 | 33.44 | 37.12 | 25.04 | | | | | | 180.88 |
| LMCC | 10.92 | 57.48 | 57.48 | 2.04 | 50.16 | 55.68 | 37.56 | | | | | | 271.32 |
| DUES | 50.24 | 264.47 | 264.47 | 9.39 | 230.79 | 256.19 | 172.82 | | | | | | 1,248.37 |
| **TOTAL** | $ 1,208.67 | $ 6,362.14 | $ 6,362.14 | $ 225.80 | $ 5,551.93 | $ 6,162.91 | $ 4,167.31 | $ - | $ - | $ - | $ - | $ - | $ 30,030.90 |

| Rates: | 6/1/06 | to | 5/31/07 | |
|---|---|---|---|---|
| WELFARE | 7.46 | | CISCO | 0.01 |
| PENSION | 4.84 | | IAF | 0.08 |
| TRAINING | 0.17 | | LMCC | 0.12 |
| LECET | 0.05 | | DUES | 1.75% |

2/27/2007

Page 2 of 5

# LABORERS' DISTRICT COUNCIL OF CHICAGO - CAICA ASSOCIATION

## FRIENDSHIP JANITORIAL SERVICES, INC. #34655

### UNREPORTED HOURS and/or WORK DUES 6/06 - 5/07

JUN 06 to MAY 07

| S.S. # | Flags | Type | 2006 Jun | Jul | Aug | Sep | Oct | Nov | Dec | 2007 Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BROWN, KATIE | 31.55 | Hours | | 26.00 | | | | | | | | | | | 26.00 |
| | 31.55 | Gross $ | | 820.30 | | | | | | | | | | | $ 820.30 |
| CAL, JANINA | 31.55 | Hours | | 185.00 | 122.00 | 82.00 | 145.00 | 200.00 | 179.00 | | | | | | 913.00 |
| | 31.55 | Gross $ | | 5,838.75 | 3,849.10 | 2,587.10 | 4,574.75 | 6,310.00 | 5,647.45 | | | | | | $ 28,805.15 |
| DOMAGALA, DOROTA | 31.55 | Hours | 75.00 | 36.00 | | 17.00 | 200.00 | | | | | | | | 328.00 |
| | 31.55 | Gross $ | 2,366.25 | 1,135.80 | | 536.35 | 6,310.00 | | | | | | | | $ 10,348.40 |
| GINTER, MICHAEL | 31.55 | Hours | | 74.00 | 125.00 | 54.00 | 140.00 | 60.00 | 200.00 | | | | | | 653.00 |
| | 31.55 | Gross $ | | 2,334.70 | 3,943.75 | 1,703.70 | 4,417.00 | 1,893.00 | 6,310.00 | | | | | | $ 20,602.15 |
| HUERTA, JUAN | 31.55 | Hours | | | | | | | 31.00 | | | | | | 31.00 |
| | 31.55 | Gross $ | | | | | | | 978.05 | | | | | | 978.05 |
| KONSOK, MONIKA | 31.55 | Hours | | | | | 200.00 | | | | | | | | 200.00 |
| | 31.55 | Gross $ | | | | | 6,310.00 | | | | | | | | $ 6,310.00 |
| KUDLACZ, DARIUSZ | 31.55 | Hours | | 100.00 | | | | | | | | | | | 100.00 |
| | 31.55 | Gross $ | | 3,155.00 | | | | | | | | | | | $ 3,155.00 |
| LAKOMY, WACLAW | 31.55 | Hours | | 100.00 | | | | | | | | | | | 100.00 |
| | 31.55 | Gross $ | | 3,155.00 | | | | | | | | | | | $ 3,155.00 |
| LANDOJTOWICZ, DAMIEN | 31.55 | Hours | | 26.00 | | | | | | | | | | | 26.00 |
| | 31.55 | Gross $ | | 820.30 | | | | | | | | | | | $ 820.30 |
| LANDOJTOWICZ, KRYSTYNA | 31.55 | Hours | 55.00 | 52.00 | 55.00 | | 98.00 | 80.00 | | | | | | | 340.00 |
| | 31.55 | Gross $ | 1,735.25 | 1,640.60 | 1,735.25 | | 3,091.80 | 2,524.00 | | | | | | | $ 10,727.00 |
| LYSEK, ANNA | 31.55 | Hours | | 36.00 | | | | | | | | | | | 36.00 |
| | 31.55 | Gross $ | | 1,135.80 | | | | | | | | | | | $ 1,135.80 |
| MALGORZATA, NOWAK | 31.55 | Hours | | 74.00 | 83.00 | 8.00 | 28.00 | 62.00 | | | | | | | 256.00 |
| | 31.55 | Gross $ | | 2,334.70 | 2,618.65 | 252.40 | 914.95 | 1,956.10 | | | | | | | 8,076.80 |
| NOWOSIELECKI, MARIUSZ | 31.55 | Hours | | 36.00 | | | | | | | | | | | 36.00 |
| | 31.55 | Gross $ | | 1,135.80 | | | | | | | | | | | 36.00 |
| POCZATEK, ANNA | 31.55 | Hours | | 36.00 | | | | | | | | | | | 36.00 |
| | 31.55 | Gross $ | | 1,135.80 | | | | | | | | | | | $ 1,135.80 |
| SMIETANA, AGNIESZKA | 31.55 | Hours | | 36.00 | | | | | | | | | | | 36.00 |
| | 31.55 | Gross $ | | 1,135.80 | | | | | | | | | | | $ 1,135.80 |

2/27/2007

LABORERS' DISTRICT COUNCIL OF CHICAGO - CAICA ASSOCIATION

FRIENDSHIP JANITORIAL SERVICES, INC. #34565

JUN 06 to MAY 07

UNREPORTED HOURS and/or WORK DUES 6/06 - 5/07

| S.S.# | Flags | Type | 2006 Jun | Jul | Aug | Sep | Oct | Nov | Dec | 2007 Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ISTANCZAK, EWA | 31.55 | Hours | - | 75.00 | - | - | - | - | - | - | - | - | - | - | 75.00 |
| | | Gross $ | - | 2,366.25 | - | - | - | - | - | - | - | - | - | - | $ 2,366.25 |
| ZAWISZA, MONIKA | 31.55 | Hours | - | 36.00 | - | - | - | - | - | - | - | - | - | - | 36.00 |
| | | Gross $ | - | 1,135.80 | - | - | - | - | - | - | - | - | - | - | $ 1,135.80 |

| | 2006 Jun | Jul | Aug | Sep | Oct | Nov | Dec | 2007 Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TOTAL HOURS | 130.00 | 928.00 | 385.00 | 161.00 | 812.00 | 402.00 | 410.00 | - | - | - | - | - | 3,228.00 |
| TOTAL GROSS $ | $4,101.50 | $29,278.40 | $12,145.75 | $5,079.55 | $25,618.60 | $12,683.10 | $12,935.50 | $ - | $ - | $ - | $ - | $ - | $ 101,843.40 |

Amount Due To Funds:

| | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| WELFARE | $ 969.80 | $ 6,922.88 | $ 2,872.10 | $ 1,201.06 | $ 6,057.52 | $ 2,998.82 | $ 3,056.60 | $ - | $ - | $ - | $ - | $ - | $ 24,080.08 |
| PENSION | 629.20 | 4,491.52 | 1,863.40 | 779.24 | 3,930.08 | 1,945.68 | 1,984.40 | - | - | - | - | - | 15,623.52 |
| TRAINING | 22.10 | 157.76 | 66.45 | 27.37 | 138.04 | 68.34 | 69.70 | - | - | - | - | - | 548.76 |
| LECET | 6.50 | 46.40 | 19.25 | 8.05 | 40.60 | 20.10 | 20.50 | - | - | - | - | - | 161.40 |
| CISCO | 1.30 | 9.28 | 3.85 | 1.61 | 8.12 | 4.02 | 4.10 | - | - | - | - | - | 32.28 |
| IAF | 10.40 | 74.24 | 30.80 | 12.88 | 64.96 | 32.16 | 32.80 | - | - | - | - | - | 258.24 |
| LMCC | 15.60 | 111.36 | 46.20 | 19.32 | 97.44 | 48.24 | 49.20 | - | - | - | - | - | 387.36 |
| DUES | 71.78 | 512.37 | 212.57 | 88.89 | 448.33 | 221.85 | 225.57 | - | - | - | - | - | 1,782.26 |
| TOTAL | $ 1,726.68 | $ 12,325.81 | $ 5,113.62 | $ 2,138.42 | $ 10,785.09 | $ 5,339.41 | $ 5,445.67 | $ - | $ - | $ - | $ - | $ - | $ 42,874.70 |

| Rates: | 6/1/05 | to | 5/31/07 | |
|---|---|---|---|---|
| WELFARE | 7.46 | CISCO | 0.01 |
| PENSION | 4.84 | IAF | 0.08 |
| TRAINING | 0.17 | LMCC | 0.12 |
| LECET | 0.05 | DUES | 1.75% |

# LABORERS' DISTRICT COUNCIL OF CHICAGO - CAICA ASSOCIATION

FRIENDSHIP JANITORIAL SERVICES, INC. #34565

RICHARD J. WOLF AND COMPANY, INC.

## SUMMARY REPORT TOTAL

|          | ADDITIONAL | UNREPORTED | TOTAL |
|----------|-----------:|-----------:|------:|
| WELFARE  | $ 16,867.06 | $ 24,080.88 | $ 40,947.94 |
| PENSION  | $ 10,943.24 | $ 15,623.52 | $ 26,566.76 |
| TRAINING | $ 384.37 | $ 548.76 | $ 933.13 |
| LECET    | $ 113.05 | $ 161.40 | $ 274.45 |
| CISCO    | $ 22.61 | $ 32.28 | $ 54.89 |
| IAF      | $ 180.88 | $ 258.24 | $ 439.12 |
| LMCC     | $ 271.32 | $ 387.36 | $ 658.68 |
| DUES     | $ 1,248.37 | $ 1,782.26 | $ 3,030.63 |
| TOTAL    | $ 30,030.90 | $ 42,874.70 | $ 72,905.60 |

2/27/2007

LABORERS' DISTRICT COUNCIL OF CHICAGO - CAICA ASSOCIATION

FRIENDSHIP JANITORIAL SERVICES, INC.  #34565

RICHARD J. WOLF AND COMPANY, INC.

** TOTAL **

| | |
|---|---|
| WELFARE | $ 40,947.94 |
| PENSION | $ 26,566.76 |
| TRAINING | $ 933.13 |
| LECET | $ 274.45 |
| CISCO | $ 54.89 |
| IAF | $ 439.12 |
| LMCC | $ 658.68 |
| DUES | $ 3,030.63 |
| TOTAL | $ 72,905.60 |

# LABORERS' DISTRICT COUNCIL OF CHICAGO - CAICA ASSOCIATION

## THE ROMAN GROUP and FRIENDSHIP JANITORIAL SERVICES, INC. #34565

### RICHARD J. WOLF AND COMPANY, INC.

## SUMMARY REPORT TOTAL

|          | THE ROMAN GROUP | FRIENDSHIP JANITORIAL | TOTAL |
|----------|------------------:|------------------------:|-------:|
| WELFARE  | $ 2,088.80 | $ 40,947.94 | $ 43,036.74 |
| PENSION  | $ 1,355.20 | $ 26,566.76 | $ 27,921.96 |
| TRAINING | $ 47.60 | $ 933.13 | $ 980.73 |
| LECET    | $ 14.00 | $ 274.45 | $ 288.45 |
| CISCO    | $ 2.80 | $ 54.89 | $ 57.69 |
| IAF      | $ 22.40 | $ 439.12 | $ 461.52 |
| LMCC     | $ 33.60 | $ 658.68 | $ 692.28 |
| DUES     | $ 134.75 | $ 3,030.63 | $ 3,165.38 |
| **TOTAL** | $ 3,699.15 | $ 72,905.60 | $ 76,604.75 |
| HOURS    | 280.00 | 5,489.00 | 5,769.00 |
| GROSS $  | $ 7,700.00 | $ 173,177.95 | $ 180,877.95 |

2/27/2007

# LABORERS' DISTRICT COUNCIL OF CHICAGO - CAICA ASSOCIATION

## THE ROMAN GROUP and FRIENDSHIP JANITORIAL SERVICES, INC. #34565

### RICHARD J. WOLF AND COMPANY, INC.

## SUMMARY REPORT TOTAL

|  | THE ROMAN GROUP | FRIENDSHIP JANITORIAL | TOTAL |
|---|---|---|---|
| WELFARE | $ 2,088.80 | $ 40,947.94 | $ 43,036.74 |
| PENSION | $ 1,355.20 | $ 26,566.76 | $ 27,921.96 |
| TRAINING | $ 47.60 | $ 933.13 | $ 980.73 |
| LECET | $ 14.00 | $ 274.45 | $ 288.45 |
| CISCO | $ 2.80 | $ 54.89 | $ 57.69 |
| IAF | $ 22.40 | $ 439.12 | $ 461.52 |
| LMCC | $ 33.60 | $ 658.68 | $ 692.28 |
| DUES | $ 134.75 | $ 3,030.63 | $ 3,165.38 |
| TOTAL | $ 3,699.15 | $ 72,905.60 | $ 76,604.75 |

2/27/2007

2/27/2007

LABORERS' DISTRICT COUNCIL OF CHICAGO - CAICA ASSOCIATION

THE ROMAN GROUP and FRIENDSHIP JANITORIAL SERVICES, INC.    #34565

RICHARD J. WOLF AND COMPANY, INC.

** GRAND TOTAL **

| | | |
|---|---|---|
| WELFARE | $ | 43,036.74 |
| PENSION | $ | 27,921.96 |
| TRAINING | $ | 980.73 |
| LECET | $ | 288.45 |
| CISCO | $ | 57.69 |
| IAF | $ | 461.52 |
| LMCC | $ | 692.28 |
| DUES | $ | 3,165.38 |
| TOTAL | $ | 76,604.75 |