# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7097 | **DATE** | February 21, 2008 |
| **CASE TITLE** | *Laborers' Pension Fund v. The Roman Group* | | |

**DOCKET ENTRY TEXT:**

The Funds' motion for order of default and to compel an audit [#13] is granted in part and denied in part, as detailed below.

■[ For further details see text below.]

## STATEMENT

     The Funds seek the entry of default against defendants The Roman Group, Friendship Janitorial Servies, and Randall Girton, an order awarding damages based on past events, and an a order compelling the defendants to produce certain books and records and submit to an audit. Entry of default is proper as the defendants have been served and have failed to appear or defend this action. The court further finds that the evidence submitted by the Funds establishes that the defendants jointly and severally owe $92,953.91 in unpaid contributions, dues, interest, liquidated damages, and audit costs, as well as $2,286.10 in reasonable attorneys' fees and costs.

     The Funds ask the court to certify the portion of the order awarding damages pursuant to Rule 54(b). Rule 54(b) provides that:

> When an action presents more than one claim for relief — whether as a claim, counterclaim, crossclaim, or third-party claim — or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

**STATEMENT**

liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

Rule 54(b) is a departure from the usual rule "of one appeal per case, a norm that prevents duplicative and time-consuming appeals." *Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 592 (7th Cir. 1990). Rule 54(b) certification is appropriate if: (1) the action involves separate claims for relief; (2) the decision sought to be appealed finally decides a litigant's rights and liabilities; and (3) the court finds that there is no just reason for delay. *Martin v. Consultants & Adm'r, Inc.*, 966 F.2d 1078, 1083 (7th Cir. 1992). The Seventh Circuit, however, has cautioned that "[c]ourts may not accommodate attorneys just because they want to appeal immediately; a separate judgment under Rule 54(b) multiplies the costs of litigation for opposing parties and for the appellate court, and these interests deserve thoughtful consideration." *Horn v. Transcon Lines, Inc.*, 898 F.2d at 593. Thus, if "questions remaining in the district court factually overlap those on appeal, presenting a specter of sequential appellate resolution" or there is a "possibility that developments in the litigation may moot a claim," the court should decline to certify its order under Rule 54(b). *Id*. at 592.

Here, the Funds have requested certification under Rule 54(b) but have not provided any explanation as to why certification is appropriate or directed the court to any specific authority supporting their request for certification. Certifying the damages award for immediate appeal will not further judicial economy, as the monies owed to date and any monies owed following an audit would be based on the same legal theories and the same interpretation of the same operative documents. *See Cooper Power Systems, Inc. v. Union Carbide Chemicals & Plastics Co.*, 123 F.3d 675, 679 n.1 (7th Cir. 1997) (considering if Rule 54(b) certification would use judicial resources efficiently and finding that certification was proper because "[m]any of the issues" were "unique to the allegations involving [the party seeking certification] and therefore would not require this court to revisit the issues in the event of a second appeal"). In other words, there simply does not appear to be any reasonable basis to allow piecemeal appeals of issues that – if they are appealed – should be appealed together. Accordingly, the Funds' request for Rule 54(b) certification is denied without prejudice. If the Funds wish to renew their motion, they must file an accompanying memorandum in support.