IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 07 C 7097 |
| v. ) | |
| ) | Judge MANNING |
| THE ROMAN GROUP, INC., an Illinois ) | |
| corporation, FRIENDSHIP JANITORIAL ) | |
| SERVICES, INC., an Illinois corporation, and ) | |
| RANDALL L. GIRTON, individually, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' MOTION TO RECONSIDER RULE 54(B) CERTIFICATION**

NOW COME Plaintiffs Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity and James S. Jorgensen, Administrator of the Funds (hereinafter the "Funds"), by and through their attorneys, Patrick T. Wallace and Charles Ingrassia, and hereby move this Court to reconsider its Order denying the Funds' request to certify Counts I and II pursuant to Federal Rule of Civil Procedure 54(b), Plaintiffs state as follows:

1.  The Funds filed their Complaint on December 18, 2007. The three Defendants are The Roman Group, Inc., ("Roman Group"); Friendship Janitorial Services, Inc., ("Friendship") and Randall L. Girton ("Girton" and hereinafter, the Defendants will be collectively referred to as the "Defendants").

2.  The Funds' Complaint contains seven counts. Counts I and II seek to collect money owed to the Funds pursuant to an audit for the period of June 28, 2006 through December 31, 2006. Counts III and IV seek to compel Roman Group and Friendship to submit benefit and

dues reports for the period of August 2007 forward, conduct an audit for the period of January 1, 2007 forward and collect amounts owed pursuant to that audit. Count V alleges that the Defendants violated the Illinois Wage Payment and Collection Act; Count VI alleges that the Defendants impermissibly converted union dues; and Count VII alleges that Girton committed fraud by paying covered employees with cash.

3. The Defendants failed to file a responsive pleading, and accordingly, the Funds moved for default judgment on January 30, 2008.

4. This Court issued a Statement on February 21, 2008 finding the Defendants in default as to all counts. The Court also found that, based on Counts I and II and the evidence submitted in support thereof, the Defendants are jointly and severally liable for $92,953.91 in unpaid contributions, dues, interest, liquidated damages, and audit costs as well as $2,286.10 in reasonable attorneys' fees and costs. A true and accurate copy of this Court's Statement is attached contemporaneously hereto as **Exhibit A**.

5. The Court denied the Funds' request for Rule 54(b) certification without prejudice. The Court stated that the Funds have offered no reasonable basis for certification.

6. For the reasons outlined in the Plaintiffs' Memorandum in Support of Motion to Reconsider Rule 54(b) Certification, which is contemporaneously filed herewith, the Funds believe there is a reasonable basis to certify Counts I and II. Therefore, the Funds respectfully request that this Court reconsider its Order denying Rule 54(b) certification of the claims contained in Counts I and II.

WHEREFORE, Plaintiffs respectfully request that this Court reconsider its Order denying Plaintiffs' request for Rule 54(b) certification to Counts I and II and enter Judgment in

Sum Certain in favor of the Funds and against Defendants The Roman Group, Inc., and Friendship Janitorial Services, Inc., on Counts I and II in the amount of $95,240.01.

February 26, 2008                                     Respectfully submitted,

                                                      Laborers' Pension Funds, et al.,

                                          By:    /s/ Charles Ingrassia

Patrick T. Wallace
Charles Ingrassia
Office of Fund Counsel
53 W. Jackson Blvd., Suite 550
Chicago, IL 60604
(312) 692-1540

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7097 | **DATE** | February 21, 2008 |
| **CASE TITLE** | *Laborers' Pension Fund v. The Roman Group* | | |

**DOCKET ENTRY TEXT:**

The Funds' motion for order of default and to compel an audit [#13] is granted in part and denied in part, as detailed below.

■ [ For further details see text below.]

### STATEMENT

   The Funds seek the entry of default against defendants The Roman Group, Friendship Janitorial Servies, and Randall Girton, an order awarding damages based on past events, and an a order compelling the defendants to produce certain books and records and submit to an audit. Entry of default is proper as the defendants have been served and have failed to appear or defend this action. The court further finds that the evidence submitted by the Funds establishes that the defendants jointly and severally owe $92,953.91 in unpaid contributions, dues, interest, liquidated damages, and audit costs, as well as $2,286.10 in reasonable attorneys' fees and costs.

   The Funds ask the court to certify the portion of the order awarding damages pursuant to Rule 54(b). Rule 54(b) provides that:

> When an action presents more than one claim for relief — whether as a claim, counterclaim, crossclaim, or third-party claim — or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|



EXHIBIT A

Page 1

## STATEMENT

liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

Rule 54(b) is a departure from the usual rule "of one appeal per case, a norm that prevents duplicative and time-consuming appeals." *Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 592 (7th Cir. 1990). Rule 54(b) certification is appropriate if: (1) the action involves separate claims for relief; (2) the decision sought to be appealed finally decides a litigant's rights and liabilities; and (3) the court finds that there is no just reason for delay. *Martin v. Consultants & Adm'r, Inc.*, 966 F.2d 1078, 1083 (7th Cir. 1992). The Seventh Circuit, however, has cautioned that "[c]ourts may not accommodate attorneys just because they want to appeal immediately; a separate judgment under Rule 54(b) multiplies the costs of litigation for opposing parties and for the appellate court, and these interests deserve thoughtful consideration." *Horn v. Transcon Lines, Inc.*, 898 F.2d at 593. Thus, if "questions remaining in the district court factually overlap those on appeal, presenting a specter of sequential appellate resolution" or there is a "possibility that developments in the litigation may moot a claim," the court should decline to certify its order under Rule 54(b). *Id.* at 592.

Here, the Funds have requested certification under Rule 54(b) but have not provided any explanation as to why certification is appropriate or directed the court to any specific authority supporting their request for certification. Certifying the damages award for immediate appeal will not further judicial economy, as the monies owed to date and any monies owed following an audit would be based on the same legal theories and the same interpretation of the same operative documents. *See Cooper Power Systems, Inc. v. Union Carbide Chemicals & Plastics Co.*, 123 F.3d 675, 679 n.1 (7th Cir. 1997) (considering if Rule 54(b) certification would use judicial resources efficiently and finding that certification was proper because "[m]any of the issues" were "unique to the allegations involving [the party seeking certification] and therefore would not require this court to revisit the issues in the event of a second appeal"). In other words, there simply does not appear to be any reasonable basis to allow piecemeal appeals of issues that – if they are appealed – should be appealed together. Accordingly, the Funds' request for Rule 54(b) certification is denied without prejudice. If the Funds wish to renew their motion, they must file an accompanying memorandum in support.

## CERTIFICATE OF SERVICE

The undersigned certifies that he caused copies of the foregoing Motion to Reconsider Rule 54(b) Certification to be served upon the following persons via U.S. Mail or electronic notification this 26th day of February 2008.

The Roman Group, Inc.
and Friendship Janitorial Services, Inc.
c/o William H. Wentz, Registered Agent
184 Shuman Blvd., #250
Naperville, IL  60563

Randall L. Girton
11028 W. 167th Place
Orland Park, IL  60547

/s/ Charles Ingrassia