IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND, et al.,       )<br>                        Plaintiffs,      )<br>                                        )<br>v.                                      )<br>                                        )<br>THE ROMAN GROUP, INC., an Illinois     )<br>corporation, FRIENDSHIP JANITORIAL     )<br>SERVICES, INC., an Illinois corporation, and )<br>RANDALL L. GIRTON, individually,       )<br>                        Defendants.     ) | Case No. 07 C 7097<br><br>Judge MANNING |

### PLAINTIFFS' MOTION FOR RULE TO SHOW CAUSE

NOW COME Plaintiffs Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity and James S. Jorgensen, Administrator of the Funds (hereinafter the "Funds"), by and through their attorney, Patrick T. Wallace, and hereby move this Court to enter an Order directing Defendants The Roman Group, Inc. ("Roman Group") and Friendship Janitorial Services, Inc. ("Friendship"), to appear and show cause why they should not be held in contempt of this Court for failing to comply with Citations to Discover to Assets. In support of this Motion, Plaintiffs state as follows:

1. The Court entered judgment in favor of Plaintiffs and against Defendants Roman Group and Friendship on Count I of Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 54(b). Judgment was entered on April 11, 2008 in the amount of $95,240.01.

2. Citations to Discover Assets were issued on Roman Group and Friendship on May 5, 2008. True and accurate copies of the Citations are attached hereto as Exhibits A and B respectively.

3.   The Citations to Discover Assets were served on May 6, 2008 on the Registered Agent of Roman Group and Friendship. True and accurate copies of the Affidavits of Service of Plaintiffs' process server are attached hereto as Exhibits C and D respectively.

4.   The Citations were returnable to the office of Plaintiffs' counsel on Thursday, June 5, 2008 at 1:00 p.m. Neither Roman Group or Friendship Janitorial appeared and submitted to the Citations to Discover Assets. Accordingly, Plaintiffs respectfully request that this Court enter an Order directing Defendants, by and their Officer and Shareholder, Randall L. Girton, to appear and show cause why they should not be held in contempt for failing to comply with the outstanding Citations to Discover Assets. Plaintiffs further request that they be awarded their attorneys' fees and expenses incurred in bringing this Motion.

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order directing Defendants The Roman Group, Inc. and Friendship Janitorial Services, Inc., by and through their Officer and Shareholder, Randall L. Girton. to appear and show cause why they should not be held in contempt for failing to comply with the Citations to Discover Assets issued on May 5, 2008 and returnable to the office of Plaintiffs' counsel on June 5, 2008. Plaintiffs further request that this Court award them their attorneys' fees and expenses incurred in bringing this Motion.

June 5, 2008                                                          Respectfully submitted,

                                                                      Laborers' Pension Funds, et al.,


                                                              By:    /s/ Patrick T. Wallace

Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-1540

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND, et al.,<br>    Plaintiffs,<br><br>v.<br><br>THE ROMAN GROUP, INC., an Illinois corporation, FRIENDSHIP JANITORIAL SERVICES, INC., an Illinois corporation, and RANDALL L. GIRTON, individually,<br>    Defendants. | Case No. 07 C 7097<br><br>Judge MANNING |

## CITATION TO DISCOVER ASSETS

Amount of Judgment:  $95,240.01
Date of Judgment:   Judgment Order dated April 11, 2008
Balance Due:    $95,240.01

Name of Court:    United States District Court for the Northern District of Illinois, Eastern Division

Case Number:    07 C 7097

WARNING: YOUR FAILURE TO APPEAR IN COURT AS HEREIN DIRECTED MAY CAUSE YOU TO BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT IN THE FEDERAL OR COUNTY JAIL.

## CITATION NOTICE

**Name and Address of Court:** United States District Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn St., 20th Floor, Chicago, Illinois 60604

**Name of Case:** Laborers' Pension Fund, et al. v. The Roman Group, Inc., et al.

**Address of Judgment Debtor:** The Roman Group, Inc.
c/o William H. Wentz, Registered Agent
184 Shuman Blvd., Suite 250
Naperville, IL 60563


EXHIBIT A

| | |
|---|---|
| **Name and Address of Attorney for Judgment Creditor:** | Patrick T. Wallace<br>LABORERS' PENSION AND WELFARE FUNDS<br>111 W. Jackson Blvd., Suite 1415<br>Chicago, Illinois 60604 |
| **Name of Person Receiving Citation:** | Friendship Janitorial Services, Inc.<br>c/o William H. Wentz, Registered Agent<br>184 Shuman Blvd., Suite 250<br>Naperville, IL 60563 |
| **Return Date and Time:** | Thursday, June 5, 2008 at 1:00 p.m. |
| **Location:** | Laborers' Pension and Welfare Fund, Fund Counsel Office,<br>111 W. Jackson Blvd., Suite 1415, Chicago, IL 60604,<br>(312) 692-1540, FAX: (312) 692-1489 |

NOTICE: The Court has issued a citation against the person or party named above. This Citation directs you to appear before the above named attorney for the Plaintiffs, at 111 W. Jackson Blvd., Suite 1415, Chicago, IL 60604 on the return date stated above, for purpose of allowing the judgment creditor to discover income and assets belonging to the Judgment Debtor or in which the Judgment Debtor has an interest. The Citation was issued on the basis of a judgment against the Judgment Debtor in favor of the Judgment Creditors in the amount stated above. On or after the return date stated above, the Court may compel the application of any discovered income or assets toward payment on the judgment.

YOU ARE COMMANDED to produce at the examination all books, records and documents belonging to the Judgment Debtor which include, but are not limited to:

1. All pass books, check books and bank statements, including proof of safety deposit boxes, money market accounts, certificates of deposit, treasury bills from 2002 through the present including all such accounts in which your interest is direct, indirect, legal or beneficial;

2. All deeds, bills of sale, documents which evidence or reflect real or personal ownership of property, leaseholds, and similar documents evidencing assets and the value thereof from

      1988 to the present, including but not limited to mortgages on property, commercial paper, judgments, antiques, art, stamp or coin collections;

3. All stock certificates or other evidence of ownership of securities, bonds and like interests jointly or individually owned;

4. All books, records, papers in your possession and control which may contain information concerning property or income of, or indebtedness due judgment debtor;

5. Federal and State income tax returns and corresponding schedules for 2002 through the present;

6. All certificates of title to automobiles, trucks, trailers and other vehicles including boats, motor homes and accessories owned individually or jointly;

7. All documents which show direct or indirect interest in insurance policies, including names of insurance companies issuing each policy and an itemization of surrender of cash value of each in which the Judgment Debtor or any of its individual owners or operators had or has an interest;

8. An inventory of personal property owned individually or jointly owned;

9. All Financial accounting reports, and reports filed annually with the Secretary of State's office or any other governmental entity. Include financial statements prepared by defendant within the last five years in connection with their attempts to procure any loans or financing;

10. All canceled checks in any checking accounts and bank statements from 2002 to the present;

11. All documents establishing the Judgment Debtor's sources of income;

12. All lease documents entered into between the Judgment Debtor and any other third party;

13. All documents showing loans the Judgment Debtor obtained from any institutions or individuals including family members and insurance companies;

14. All documents which establish that you are a co-maker, endorser or guarantor of any loan;

15. All documents establishing purchases the Judgment Debtor made on an installment basis;

16. All documents which establish the existence of property at which you own an interest which is held by a third party.

YOU ARE PROHIBITED from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the Judgment Debtor or to which the Judgment Creditors may be entitled or which may be acquired by or become due to the Judgment Debtor and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to the Judgment Debtor, until the further order of Court or termination of proceedings. You are not required to withhold the payment of any money beyond double the amount of the judgment.

The amount of income or assets that may be applied toward the judgment is limited by Federal and Illinois law. THE JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME OR ASSETS OF THE JUDGMENT DEBTOR WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE:

(1) Under Illinois or federal law, the exemptions of personal property owned by the debtor include the debtor's equity interest, not to exceed $4,000 in value, in any personal property as chosen by the debtor; Social Security and SSI benefits; public assistance benefits; Unemployment Compensation benefits; Workers' Compensation benefits; Veterans' benefits; Circuit Breaker property tax relief benefits; the debtor's equity interest not to exceed $2,400 in value, in any one motor vehicle, and the

debtor's equity interest, not to exceed $1,500 in value, in any implements, professional books, or tools of the trade of the debtor.

(2) Under Illinois law, every person is entitled to an estate in homestead, when it is owned and occupied as a residence, to the extent in value of $15,000, which homestead is exempt from judgment.

(3) Under Illinois law, the amount of wages that may be applied toward a judgment is limited to the lessor of (i) 15% of gross weekly wages or (ii) the amount by which disposable earnings for a week exceed the total of 45 times the Federal minimum hourly wage, or under a wage deduction summons served on or after January 1, 2006, the Illinois minimum hourly wage, whichever is greater.

(4) Under Federal law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 25% of disposable earnings for a week or (ii) the amount by which disposable earnings for a week exceed 30 times the Federal minimum hourly wage.

(5) Pension and retirement benefits and refunds may be claimed as exempt under Illinois law.

The Judgment Debtor may have other possible exemptions under the law.

THE JUDGMENT DEBTOR HAS THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH. The Judgment Debtor also has the right to seek a declaration at an earlier date, by notifying the clerk in writing at the office of the United States District Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604. When so notified, the Clerk of the Court will obtain a prompt hearing from the Court and will provide the necessary forms that must be prepared by the Judgment Debtor or the Attorney for the Judgment Debtor and sent to the Judgment Creditor and the Judgment Creditors' attorney regarding the time and location of hearing. This notice may be sent by regular first class mail.

## DECLARATION AND CERTIFICATE OF JUDGMENT CREDITOR

I, Patrick T. Wallace, attorney for the Judgment Creditors, certify to the Court under penalties as provided by law pursuant to 735 ILCS 5/1-109, that all information stated herein is true.

Patrick T. Wallace
May 5, 2008

Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-1540
(312) 692-1489 (FAX)

5

<u>MICHAEL W. DOBBINS</u>
<u>CLERK OF COURT</u>

*/s/ Roberto C. Cornejo*

<u>DEPUTY</u>
<u>May 5, 2008</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND, et al.,<br>　　　　　　Plaintiffs,<br><br>　v.<br><br>THE ROMAN GROUP, INC., an Illinois<br>corporation, FRIENDSHIP JANITORIAL<br>SERVICES, INC., an Illinois corporation, and<br>RANDALL L. GIRTON, individually,<br>　　　　　　Defendants. | )<br>)<br>)　Case No.　07 C 7097<br>)<br>)<br>)　Judge MANNING<br>)<br>)<br>)<br>)<br>)<br>) |

### CITATION TO DISCOVER ASSETS

Amount of Judgment:　　$95,240.01
Date of Judgment:　　　Judgment Order dated April 11, 2008
Balance Due:　　　　　$95,240.01

Name of Court:　　　　United States District Court for the Northern District of Illinois,
　　　　　　　　　　　Eastern Division

Case Number:　　　　　07 C 7097

WARNING: YOUR FAILURE TO APPEAR IN COURT AS HEREIN DIRECTED MAY CAUSE YOU TO BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT IN THE FEDERAL OR COUNTY JAIL.

### CITATION NOTICE

**Name and Address of Court:**　United States District Court for the Northern District of
　　　　　　　　　　　　　　　Illinois, Eastern Division, 219 S. Dearborn St., 20th Floor,
　　　　　　　　　　　　　　　Chicago, Illinois 60604

**Name of Case:**　　　　　　　Laborers' Pension Fund, et al. v. The Roman Group, Inc., et al.

**Address of Judgment Debtor:**　Friendship Janitorial Services, Inc.
　　　　　　　　　　　　　　　c/o William H. Wentz, Registered Agent
　　　　　　　　　　　　　　　184 Shuman Blvd., Suite 250
　　　　　　　　　　　　　　　Naperville, IL 60563



EXHIBIT B

| | |
|---|---|
| **Name and Address of Attorney for Judgment Creditor:** | Patrick T. Wallace<br>LABORERS' PENSION AND WELFARE FUNDS<br>111 W. Jackson Blvd., Suite 1415<br>Chicago, Illinois 60604 |
| **Name of Person Receiving Citation:** | The Roman Group, Inc.<br>c/o William H. Wentz, Registered Agent<br>184 Shuman Blvd., Suite 250<br>Naperville, IL 60563 |
| **Return Date and Time:** | Thursday, June 5, 2008 at 1:00 p.m. |
| **Location:** | Laborers' Pension and Welfare Fund, Fund Counsel Office, 111 W. Jackson Blvd., Suite 1415, Chicago, IL 60604, (312) 692-1540, FAX: (312) 692-1489 |

NOTICE: The Court has issued a citation against the person or party named above. This Citation directs you to appear before the above named attorney for the Plaintiffs, at 111 W. Jackson Blvd., Suite 1415, Chicago, IL 60604 on the return date stated above, for purpose of allowing the judgment creditor to discover income and assets belonging to the Judgment Debtor or in which the Judgment Debtor has an interest. The Citation was issued on the basis of a judgment against the Judgment Debtor in favor of the Judgment Creditors in the amount stated above. On or after the return date stated above, the Court may compel the application of any discovered income or assets toward payment on the judgment.

YOU ARE COMMANDED to produce at the examination all books, records and documents belonging to the Judgment Debtor which include, but are not limited to:

1. All pass books, check books and bank statements, including proof of safety deposit boxes, money market accounts, certificates of deposit, treasury bills from 2002 through the present including all such accounts in which your interest is direct, indirect, legal or beneficial;

2. All deeds, bills of sale, documents which evidence or reflect real or personal ownership of property, leaseholds, and similar documents evidencing assets and the value thereof from

2

       1988 to the present, including but not limited to mortgages on property, commercial paper, judgments, antiques, art, stamp or coin collections;

3. All stock certificates or other evidence of ownership of securities, bonds and like interests jointly or individually owned;

4. All books, records, papers in your possession and control which may contain information concerning property or income of, or indebtedness due judgment debtor;

5. Federal and State income tax returns and corresponding schedules for 2002 through the present;

6. All certificates of title to automobiles, trucks, trailers and other vehicles including boats, motor homes and accessories owned individually or jointly;

7. All documents which show direct or indirect interest in insurance policies, including names of insurance companies issuing each policy and an itemization of surrender of cash value of each in which the Judgment Debtor or any of its individual owners or operators had or has an interest;

8. An inventory of personal property owned individually or jointly owned;

9. All Financial accounting reports, and reports filed annually with the Secretary of State's office or any other governmental entity. Include financial statements prepared by defendant within the last five years in connection with their attempts to procure any loans or financing;

10. All canceled checks in any checking accounts and bank statements from 2002 to the present;

11. All documents establishing the Judgment Debtor's sources of income;

12. All lease documents entered into between the Judgment Debtor and any other third party;

13. All documents showing loans the Judgment Debtor obtained from any institutions or individuals including family members and insurance companies;

14. All documents which establish that you are a co-maker, endorser or guarantor of any loan;

15. All documents establishing purchases the Judgment Debtor made on an installment basis;

16. All documents which establish the existence of property at which you own an interest which is held by a third party.

YOU ARE PROHIBITED from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the Judgment Debtor or to which the Judgment Creditors may be entitled or which may be acquired by or become due to the Judgment Debtor and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to the Judgment Debtor, until the further order of Court or termination of proceedings. You are not required to withhold the payment of any money beyond double the amount of the judgment.

The amount of income or assets that may be applied toward the judgment is limited by Federal and Illinois law. THE JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME OR ASSETS OF THE JUDGMENT DEBTOR WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE:

(1) Under Illinois or federal law, the exemptions of personal property owned by the debtor include the debtor's equity interest, not to exceed $4,000 in value, in any personal property as chosen by the debtor; Social Security and SSI benefits; public assistance benefits; Unemployment Compensation benefits; Workers' Compensation benefits; Veterans' benefits; Circuit Breaker property tax relief benefits; the debtor's equity interest not to exceed $2,400 in value, in any one motor vehicle, and the

debtor's equity interest, not to exceed $1,500 in value, in any implements, professional books, or tools of the trade of the debtor.

(2) Under Illinois law, every person is entitled to an estate in homestead, when it is owned and occupied as a residence, to the extent in value of $15,000, which homestead is exempt from judgment.

(3) Under Illinois law, the amount of wages that may be applied toward a judgment is limited to the lessor of (i) 15% of gross weekly wages or (ii) the amount by which disposable earnings for a week exceed the total of 45 times the Federal minimum hourly wage, or under a wage deduction summons served on or after January 1, 2006, the Illinois minimum hourly wage, whichever is greater.

(4)  Under Federal law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 25% of disposable earnings for a week or (ii) the amount by which disposable earnings for a week exceed 30 times the Federal minimum hourly wage.

(5)  Pension and retirement benefits and refunds may be claimed as exempt under Illinois law.

The Judgment Debtor may have other possible exemptions under the law.

THE JUDGMENT DEBTOR HAS THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH.  The Judgment Debtor also has the right to seek a declaration at an earlier date, by notifying the clerk in writing at the office of the United States District Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604.  When so notified, the Clerk of the Court will obtain a prompt hearing from the Court and will provide the necessary forms that must be prepared by the Judgment Debtor or the Attorney for the Judgment Debtor and sent to the Judgment Creditor and the Judgment Creditors' attorney regarding the time and location of hearing.  This notice may be sent by regular first class mail.

### DECLARATION AND CERTIFICATE OF JUDGMENT CREDITOR

I, Patrick T. Wallace, attorney for the Judgment Creditors, certify to the Court under penalties as provided by law pursuant to 735 ILCS 5/1-109, that all information stated herein is true.

*(signature)*
Patrick T. Wallace
May 5, 2008

Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL  60604
(312) 692-1540
(312) 692-1489 (FAX)

5

MICHAEL W. DOBBINS
CLERK OF COURT

*[signature: Roberto Cornejo]*

DEPUTY
May 5, 2008

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LABORERS' PENSION FUND; ET AL<br><br>PLAINTIFF(S)<br><br>vs.<br><br>THE ROMAN GROUP, INC., FRIENDSHIP JANITORIAL SERVICES, INC., AND RANDALL L. GIRTON<br><br>DEFENDANT(S) | COURT DATE: 6/5/2008<br><br>Case No.<br>07 C 7097<br><br>SERVICE DOCUMENTS:<br>CITATION TO DISCOVER ASSETS |

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On **May 06, 2008**, at **2:03 PM**, I served the above described documents upon **THE ROMAN GROUP, INC.** as shown below:

**CORPORATE SERVICE** was made by leaving a true and correct copy of the documents with **WILLIAM H WENTZ / REGISTERED AGENT**, an officer, managing agent or authorized agent of the within named company.

Said service was effected at **184 SHUMAN BLVD. #250, NAPERVILLE, IL 60563.**

**DESCRIPTION:**  Gender: **M**   Race: **WHITE**   Age: **55**   Hgt: **5'8"**   Wgt: **200**   Hair: **BALD**   Glasses: **YES**

I declare under penalties of perjury that the information contained herein is true and correct.

_[signature]_

Robert D Fairbanks, Lic #: 117-001119
Judicial Attorney Services, Inc.
2100 Manchester Rd., Ste 900
Wheaton, IL 60187
(630) 221-9007

SUBSCRIBED AND SWORN to before me this 6th day of May, 2008

_[signature: Joan C. Harenberg]_

OFFICIAL SEAL
JOAN C HARENBERG
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/13/09

NOTARY PUBLIC

CLIENT NAME:
Laborers Pension and Welfare Funds*
FILE #:

ORIGINAL PROOF OF SERVICE

TRACKING #
3842_

EXHIBIT
C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LABORERS' PENSION FUND; ET AL** | COURT DATE: **6/5/2008** |
| PLAINTIFF(S) | Case No. **07 C 7097** |
| vs. | |
| **THE ROMAN GROUP, INC., FRIENDSHIP JANITORIAL SERVICES, INC., AND RANDALL L. GIRTON** | SERVICE DOCUMENTS: **CITATION TO DISCOVER ASSETS** |
| DEFENDANT(S) | |

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On **May 06, 2008**, at **2:03 PM**, I served the above described documents upon **FRIENDSHIP JANITORIAL SERVICES, INC.** as shown below:

**CORPORATE SERVICE** was made by leaving a true and correct copy of the documents with **WILLIAM H WENTZ / REGISTERED AGENT**, an officer, managing agent or authorized agent of the within named company.

Said service was effected at **184 SHUMAN BLVD. #250, NAPERVILLE, IL 60563.**

**DESCRIPTION:** Gender: **M**  Race: **WHITE**  Age: **55**  Hgt: **5'8"**  Wgt: **200**  Hair: **BALD**  Glasses: **YES**

I declare under penalties of perjury that the information contained herein is true and correct.

_[signature]_

Robert D Fairbanks, Lic #: 117-001119
Judicial Attorney Services, Inc.
2100 Manchester Rd., Ste 900
Wheaton, IL 60187
(630) 221-9007

SUBSCRIBED AND SWORN to before me this 6th day of May, 2008

_Joan C. Harenberg_

OFFICIAL SEAL
JOAN C HARENBERG
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/13/09

NOTARY PUBLIC

| | | |
|---|---|---|
| CLIENT NAME: Laborers Pension and Welfare Funds* FILE #: | ORIGINAL PROOF OF SERVICE | TRACKING # 38427 |

EXHIBIT D

**CERTIFICATE OF SERVICE**

      The undersigned certifies that he caused copies of the foregoing Motion for Rule to Show Cause to be served upon the following persons via U.S. Mail this 5th day of June 2008.

The Roman Group, Inc.
and Friendship Janitorial Services, Inc.
c/o William H. Wentz, Registered Agent
184 Shuman Blvd., #250
Naperville, IL 60563

Randall L. Girton
11028 W. 167th Place
Orland Park, IL 60547

                                      /s/ Patrick T. Wallace